[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 94.]

RON SCHEIDERER & ASSOCIATES ET AL.; SHIFFLET, APPELLANT, *v.* CITY OF LONDON, OHIO, ET AL., APPELLEES.

[Cite as *Ron Scheiderer & Assoc. v. London*, 1998-Ohio-453.]

*Frivolous conduct in civil actions—Former R.C. 2323.51(B)(3) and 2323.51(B)(4), construed—Award of attorney fees made by court pursuant to former R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions—Parties against whom award may be made.*

An award of attorney fees made by a court pursuant to former R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions. Such an award may be made against a party, the party's counsel of record, or both. (Former R.C. 2323.51[B][3] and 2323.51[B][4], construed.)

(No. 96-2384—Submitted December 3, 1997—Decided February 18, 1998.)

CERTIFIED by the Court of Appeals for Madison County, No. CA95-08-022.

————————————

{¶ 1} In 1993, Ron Scheiderer & Associates and Ron Scheiderer ("Scheiderer") filed a *pro se* complaint in the Madison County Court of Common Pleas against Madison County Prosecutor David A. Sams, the city of London, Ohio, and various city officials. The complaint contained claims of defamation and breach of contract by the defendants. Scheiderer demanded compensatory damages, unspecified special and general damages, and punitive damages from each defendant. Subsequent to the filing of the complaint, attorney Daniel E. Shifflet filed a notice of appearance on behalf of Scheiderer. The case was thereafter scheduled for trial.

{¶ 2} Prior to trial, Scheiderer asserted an additional claim alleging "complicity and/or conspiracy to compound a crime," and sought additional compensatory and punitive damages based on this new charge. At trial, Scheiderer

claimed that he had suffered a loss of business as a result of the alleged defamation. Upon cross-examination, however, Scheiderer refused to identify any clients of his business, claiming such information was privileged. Scheiderer further denied the existence of a master list of clients that he had mentioned in a deposition prior to trial. Following a ruling by the trial court that the identity of Scheiderer's clients was not privileged, Scheiderer opted to dismiss all of his claims with prejudice.

{¶ 3} The city of London and its officials named as defendants then filed a motion with the trial court seeking attorney fees pursuant to former R.C. 2323.51 and Civ.R. 11. Sams filed a separate motion, but subsequently withdrew it. At the hearing, the parties stipulated the evidence presented at trial.

{¶ 4} The trial court ruled that Scheiderer and Shifflet had engaged in frivolous conduct in pursuing the suit against the defendants, and after a second hearing, awarded attorney fees to the defendants pursuant to former R.C. 2323.51. The order found Scheiderer and Shifflet jointly and severally liable for attorney fees in the amount of $45,035.55, and found that Scheiderer was solely liable for $2,347.68 in fees that were incurred prior to the appearance of Shifflet as the attorney for Scheiderer.

{¶ 5} Scheiderer and Shifflet separately appealed the judgment of the trial court, arguing, *inter alia*, that the trial court erred in determining that they had engaged in frivolous conduct, and that the award of attorney fees by the trial court was improper. The Court of Appeals for Madison County affirmed the judgment of the trial court, holding that Shifflet was properly found by the trial court to be jointly and severally liable, under former R.C. 2323.51, for the attorney fees incurred by the defendants during the time that he represented Scheiderer in the proceedings. The Court of Appeals for Madison County certified a conflict with the decision of the Court of Appeals for Hamilton County in *Riley v. Langer* (1994), 95 Ohio App.3d 151, 642 N.E.2d 1, on the following question:

2

"[W]hether an award for frivolous conduct under R.C. 2323.51 should include attorney fees incurred in prosecuting the motion for sanctions brought under R.C. 2323.51."

{¶ 6} The cause is now before this court upon our determination that a conflict exists.

————————————

*Kevin P. Collins*, for appellant Daniel E. Shifflet.

*James R. Reuss* and *Michael R. Szolosi, Jr.*, for appellee city of London.

————————————

**MOYER, C.J.**

{¶ 7} The question presented is whether attorney fees incurred by a party moving for sanctions under former R.C. 2323.51 may be included in an award pursuant to the statute.[1] Our analysis of the plain language of the statute compels the conclusion that former R.C. 2323.51 permits an award based upon a finding of frivolous conduct to include attorney fees incurred in prosecuting a motion for sanctions. Pursuant to former R.C. 2323.51(B)(4), this award may be made against a party, the party's counsel of record, or both. Therefore, we affirm the judgment of the court of appeals.

————————————

1. Subsequent to the filing of this action, the General Assembly amended the statute. The current version provides that upon a finding of frivolous conduct, "the court may award * * * reasonable attorney's fees * * * to a party to the civil action or appeal who was adversely affected by frivolous conduct." R.C. 2323.51(B)(1). The statute further provides in divisions (B)(3) and (B)(4):

"(3) The amount of an award made pursuant to division (B)(1) of this section that represents reasonable attorney's fees shall not exceed, and may be equal to or less than, whichever of the following is applicable:

"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services had the party been represented on an hourly fee basis or another basis other than a contingent fee basis;

"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were reasonably incurred by a party.

"(4) An award made pursuant to division (B)(1) of this section may be made against a party, the party's counsel of record, or both."

**{¶ 8}** Former R.C. 2323.51 provided that prior to the commencement of a trial in a civil action, a court may award "reasonable attorney's fees to any party to that action adversely affected by frivolous conduct." Former R.C. 2323.51(B)(1). Former R.C. 2323.51(B)(3) provided the following guidelines for determining the amount of an award of attorney fees:

"The amount of an award that is made pursuant to division (B)(1) of this section shall not exceed, and may be equal to or less than, whichever of the following is applicable:

"(a) If the party is being represented on a contingent fee basis, an amount that corresponds to reasonable fees that would have been charged for legal services necessitated by the frivolous conduct had the party been represented on an hourly fee basis or another basis other than a contingent fee basis.

"(b) In all situations other than that described in division (B)(3)(a) of this section, the attorney's fees that were both reasonably incurred by a party and necessitated by the frivolous conduct."

**{¶ 9}** These guidelines make no distinctions as to whether attorney fees that are related to a certain portion of a case may or may not be included in an award pursuant to a determination of frivolous conduct. Rather, the statute grants courts the authority to award any reasonable attorney fees incurred by a party adversely affected by frivolous conduct. A plain reading of the statute reveals that reasonable attorney fees incurred by a party in prosecuting a motion for sanctions may be awarded to that party upon a finding of frivolous conduct.

**{¶ 10}** Shifflet nonetheless asserts that as counsel of record to the party found to have engaged in frivolous conduct, he cannot be held liable because to do so would place him in an "untenable position." Shifflet claims that imposing liability on attorneys for fees sought in a motion for sanctions under R.C. 2323.51 would force the attorney either to forgo arguing against the motion and agreeing to pay the fees, or to oppose the motion, which would further expose the attorney to

4

potential liability. Therefore, Shifflet argues, the attorney would then face improper conflicts of interest with a client due to the attorney's personal liability, and could not fulfill his duty to represent a client "zealously within the bounds of the law," Canon 7 of the Code of Professional Responsibility.

{¶ 11} We disagree with these contentions. The statute plainly states that an award "may be made against a party, his counsel of record, or both." Former R.C. 2323.51(B)(4). The General Assembly gave courts the discretion to hold those engaging in frivolous conduct responsible for their actions. The language of the statute is a clear indication that the General Assembly chose not to make any distinctions based upon the policy arguments which Shifflet asserts here.

{¶ 12} Additionally, we observe that the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint. We have no desire to cause a chilling effect on the duty of counsel to vigorously represent their clients. Counsel, however, must balance that duty with their concomitant obligation to the bar, the court, and their client to perform responsibly "*within the bounds of the law*." See Canon 7; EC 7-1. When a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct.

{¶ 13} Accordingly, we hold that the trial court did not abuse its discretion in awarding attorney fees to the defendants that include fees incurred for the prosecution of the motion for sanctions. An award of attorney fees made by a court pursuant to former R.C. 2323.51 may include fees incurred in prosecuting a motion for sanctions. Such an award may be made against a party, the party's counsel of record, or both. (Former R.C. 2323.51[B][3] and 2323.51[B][4], construed.)

{¶ 14} The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____