OPINION
{¶ 1} In 1993, Albert Van Lehn, together with his wife, hired appellant, Judy Feister, to oversee their home health care and provide other assistance as needed. On February 23, 1994, Mr. Van Lehn named appellant as his attorney-in-fact. On August 29, 1994, Mr. Van Lehn executed a will, naming appellant the contingent beneficiary after the death of his wife. Mr. Van Lehn's wife died in September of 1994. His only son had died in January of 1994.
 {¶ 2} Following an investigation regarding theft of Mr. Van Lehn's funds by appellant, Mr. Van Lehn revoked appellant's power of attorney, and appointed attorney Glenn Durmann to replace her on November 14, 1997. On June 15, 1998, Mr. Van Lehn executed a new will, leaving bequests to two neighbors, a friend and his current caregivers.
 {¶ 3} On September 24, 1999, the Tuscarawas County Grand Jury indicted appellant on one count of aggravated theft in violation of R.C. 2913.02.
 {¶ 4} Mr. Van Lehn died on February 18, 2000. On June 16, 2000, appellant filed a will contest action against appellee, Wilford R. Miller, executor of the estate of Albert Van Lehn, and others.
 {¶ 5} On August 30, 2000, appellant pled guilty to the aggravated theft charge. By judgment entry filed March 26, 2001, appellant was sentenced to five years of community control.
 {¶ 6} On November 1, 2000, appellees filed a motion for summary judgment. A hearing before a magistrate was held on February 5, 2001. By decision filed February 28, 2001, the magistrate granted the motion. Appellant filed objections. By judgment entry filed April 18, 2001, the trial court approved and adopted the magistrate's decision.
 {¶ 7} On May 3, 2001, appellees filed a motion for the award of attorney fees. A hearing was held on June 21, 2001. Appellant filed a motion to dismiss on June 29, 2001 via a "Post Trial Brief." The trial court struck this brief from the record on August 7, 2001. By judgment entry filed March 12, 2002, the trial court awarded attorney fees in the amount of $14,943.52 as against appellant's attorney, John Woodard.
 {¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 9} "The trial court committed prejudicial error in sustaining appellee's motion for summary judgment when there is a material and genuine issue of material fact and is contrary to law."
 II {¶ 10} "The trial court committed reversible error in admitting the criminal record of the plaintiff-appellant which is prejudicial and reversible error."
 III {¶ 11} "The trial court committed reversible error in refusing the plaintiff-appellant the right to introduce evidence as to the investigation made by the plaintiff-appellant and her attorney prior to filing the complaint and dismissing the motion to dismiss of appellant."
 IV {¶ 12} "The trial court committed reversible error in granting judgment in the amount of $14,943.52 against the attorney when the facts clearly show that investigation had been made prior to the filing of the complaint and the complaint was not frivolous."
 V {¶ 13} "The trial court committed reversible error in failing to fing (sic) that there was a reasonable basis for the defendant-appellee to employ four (4) attorneys and submit fees accordingly."
 {¶ 14} Prior to our discussion on the merit review, we wish to discuss the issue of mootness. Appellee claims, and appellant concurs, the judgment for attorney fees has been satisfied and therefore the issue is moot.
 {¶ 15} Generally, we might concur on the issue of mootness; however, this is an action under R.C. 2323.51 and also involves the Code of Professional Responsibility. We believe the consequences of the frivolous conduct findings not to be moot and subject to appellate review.
 I, II {¶ 16} Appellant claims the trial court erred in granting summary judgment to appellee and in admitting appellant's criminal record. We disagree.
 {¶ 17} Summary judgment on the will contest action was granted by the trial court on April 18, 2001 after approving and adopting the magistrate's decision filed February 28, 2001. In his decision, the magistrate found the following:
 {¶ 18} "Because Plaintiff has not submitted any material by way of affidavit or discovery response which either directly or circumstantially refutes or contradicts the Defendants' affidavits, the Defendants' motion for summary judgment should be granted. Plaintiff has failed to demonstrate that there is any disputed issue of material fact regarding the validity of the 1998 Will. There is no showing tending to negate the existence of mental capacity by the testator. There is no showing of facts tending to display fraud or undue influence which caused the testator to make the Will he did on June 15, 1998."
 {¶ 19} The will contest action filed on June 16, 2000 sought a declaration that the June 15, 1998 will was null and void and the August 29, 1994 should be probated. The magistrate's decision and trial court's judgment entry embrace all the issues raised by the complaint.
 {¶ 20} Appellee argues the notice of appeal of the trial court's April 18, 2001 judgment entry was not filed until after the conclusion of appellee's claim for frivolous conduct and attorney fees.
 {¶ 21} We are asked to determine if a claim for frivolous conduct and attorney fees tolls the time for filing an appeal. We respond in the negative. Appellee's answer did not request fees, but the issue was raised via a motion filed post judgment on May 3, 2001.
 {¶ 22} Based upon our decisions in German v. Wray (August 15, 2001), Richland App. No. 01CA2-2, and In re Kevin Skinner (May 7, 2001), Stark App. No. 2000CA00207, we find the appeal filed April 10, 2002 not to be timely as to the April 18, 2001 judgment entry.
 {¶ 23} Assignments of Error I and II are denied.
 III, IV, V {¶ 24} Appellant claims the trial court erred in denying the admission of certain evidence, in finding frivolous conduct and in awarding attorney fees. We disagree.
 {¶ 25} Appellant claims the trial court erred in refusing to consider the testimony of a neighbor, Raymond Eichel, appellant's husband, Junior Bruce Feister, and appellee, Wilford Miller.
 {¶ 26} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We note Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 27} During appellant's presentation of evidence, the trial court limited the scope of the evidence as follows:
 {¶ 28} "Mr Woodard I agree with him that in general rehashing all the facts from the beginning to end here is not going to be appropriate. The issue is whether or not you presented any evidence in support of your complaint, specifically at the time of summary judgment. Questions about investigation and collection of evidence of course are relevant, but short of that he's right, we are not going to be retrying this, so, um, I'll sustain his objection and please direct your questions accordingly." T. at 128-129.
 {¶ 29} When Mr. Eichel was examined, appellant's trial counsel, Mr. Woodard, asked him questions about Mr. Van Lehn's mental condition. The trial court found such evidence was not relevant because Mr. Eichel had never conveyed such information to Mr. Woodard. T. at 140-142. Thereafter, Mr. Woodard attempted to examine Mr. Miller and Mr. Feister on the same issues. T. at 144-147, 153-157. The trial court denied same.
 {¶ 30} Pursuant to Evid.R. 401, we find the trial court was correct in limiting the scope of the hearing on frivolous conduct and attorney fees to Mr. Woodard's actions, knowledge and investigation.
 {¶ 31} Appellant also claims the trial court's decision on frivolous conduct was against the manifest weight of the evidence and the attorney fees assessed were not supported by the evidence.
 {¶ 32} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson, 66 Ohio St.3d 610, 1993-Ohio-9. We also note in RonScheiderer . Associates v. City of London, 81 Ohio St.3d 94, 98,1998-Ohio-453, the Supreme Court of Ohio found our review to be abuse of discretion. Blakemore, supra.
 {¶ 33} R.C. 2323.51(A)(2)(ii) defines frivolous conduct as follows:
 {¶ 34} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 35} "* * *
 {¶ 36} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 37} In further defining frivolous conduct, the Supreme Court of Ohio in Ron Scheiderer at 97-98 stated the following:
 {¶ 38} "Additionally, we observe that the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint. We have no desire to cause a chilling effect on the duty of counsel to vigorously represent their clients. Counsel, however, must balance that duty with their concomitant obligation to the bar, the court, and their client to perform responsibly `within the bounds of the law.' See Canon 7; E.C. 7-1. When a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct."
 {¶ 39} During the hearing, Mr. Woodard testified he was the attorney of record not only in the will contest for appellant, but also her criminal charge of aggravated theft concerning the theft of $100,000.00 from Mr. Van Lehr. T. at 68-69. The indictment against appellant was filed on September 24, 1999, and appellant filed her will contest action on June 16, 2000. T. at 69; Defendant's Exhibit 1. Appellant pled guilty to the aggravated theft charge on August 30, 2000. T. at 70; Defendant's Exhibit 2.
 {¶ 40} Mr. Woodard presented no evidence contra to the motion for summary judgment. T. at 72-74. The summary judgment motion was granted upon the unchallenged validity of the 1998 will. See, Magistrate's Decision filed February 28, 2001; T. at 85-88, 91. As of February 5, 2001, no investigation had been made as evidenced by Mr. Woodard's oral motion for additional time to take depositions. T. at 27-31. On March 6, 2001, Mr. Woodard filed a discharge summary of the New Philadelphia City Health Department containing the following June 22, 1999 statement by Betty Huffman concerning appellant's neglect and abuse of Mr. Van Lehn:
 {¶ 41} "New Philadelphia Health Department Home Health Agency made home visits to care for Albert (Max) VanLehn. We became aware of the neglect and abuse of him by his caregivers, (hired) Judy and Bruce Feister. Our Agency reported our concerns to The Department of Human Services, Adult Protective Agency. An Adult Protective worker evaluated the situation and found no problem. We were forced to discharge Max from our Agency services due to unsafe environment status. Enclosed are 2 reports documenting our concerns. I feel that Judy and Bruce Feister took advantage of Max when he was severly (sic) depressed due to the death of his spouse and his 40 year old, only son. These two persons gave him large amounts of alcohol and did not provide nourishment or care. Max became severly (sic) mentally and physically impaired."
 {¶ 42} Mr. Woodard knew appellant had no personal knowledge of Mr. Van Lehn's well being or affairs from November 14, 1997 to his death. T. at 81. The probated will was executed on June 15, 1998. There appears to be an undercurrent that the will contest claims and general division claims made by appellant's husband for replevin would be dismissed if the estate agreed not to pursue appellant for monies due from her criminal activity. T. at 120-123.
 {¶ 43} Given the testimony supra, we concur with the following analysis by the trial court:
 {¶ 44} "The record before the Court in the instant case is almost devoid of any showing that Attorney Woodard made any attempt to meet these professional standards, despite warnings from the Court concerning this issue. It is almost impossible for the Court to evaluate Plaintiff's evidence in light of any good faith standard as Mr. Woodard has provided almost no information whatsoever. The Court is most troubled by the fact that Mr. Woodard failed to make a good faith presentation of information at every step of this proceeding instead of an isolated occasion, as sometimes occurs when counsel has not had adequate time for preparation.
 {¶ 45} "The indictment and guilty plea alone of Mrs. Feister should have been enough to cause extra scrutiny on the part of Attorney Woodard, even though he attempted to have the guilty plea set aside. The Court finds no responsible attempt on his part to meet any of these obligations and he continued to stand behind the serious allegations made against the attorneys listed in the complaint.
 {¶ 46} "Based upon the totality of the circumstances, the Court finds the professional conduct of Attorney Woodard to be highly questionable, an abuse of the judicial process, and constitutes frivolous conduct under the pertinent law. The Court further finds the motion for attorney's fees filed by defense counsel to be well taken and the Court sustains the same as to assessment of attorney's fees against Attorney John Woodard." Judgment Entry filed March 12, 2002.
 {¶ 47} We find this conclusion is supported by the testimony, exhibits and docket of the case.
 {¶ 48} As for the amount of the fees, the testimony of Mr. Van Lehn's attorney-in-fact, Glenn Dermann, is clear and sufficient to support the trial court's award. T. at 56-59; Defendant's Exhibits 22, 23 and 24.
 {¶ 49} Assignments of Error III, IV and V are denied.
 {¶ 50} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division is hereby affirmed.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Frivolous conduct.