OPINION
{¶ 1} In 1993, Albert Van Lehn, together with his wife, hired Judy Feister to oversee their home health care and provide other assistance as needed. On February 23, 1994, Mr. Van Lehn named Ms. Feister as his attorney-in-fact.
 {¶ 2} On September 24, 1999, the Tuscarawas County Grand Jury indicted Ms. Feister on one count of aggravated theft in violation of R.C. 2913.02 regarding the misappropriation of Mr. Van Lehn's funds.
 {¶ 3} Mrs. Van Lehn died in September of 1994. Mr. Van Lehn died on February 18, 2000.
 {¶ 4} On May 11, 2000, appellant, Junior Bruce Feister, Ms. Feister's husband, filed a complaint against appellee, Wilford R. Miller, executor of the estate of Albert Van Lehn, for possession of two vehicles once owned by Mr. Van Lehn. On July 11, 2000, appellee filed an answer and counterclaim. In his counterclaim, appellee named Ms. Feister as a counterclaim defendant. The counterclaim alleged claims of conspiracy to misappropriate Mr. Van Lehn's funds.
 {¶ 5} On July 7 and 17, 2000, appellant filed a motion seeking possession of the two motor vehicles and a supplemental motion, respectively. By judgment entry filed August 8, 2000, the trial court denied both motions.
 {¶ 6} On August 30, 2000, Ms. Feister pled guilty to the aggravated theft charge.
 {¶ 7} On December 26, 2000, appellee filed a motion for summary judgment. By judgment entry filed January 23, 2001, the trial court granted said motion and dismissed appellant's complaint.
 {¶ 8} On February 13, 2001, appellee filed a motion for default judgment on the counterclaim and motion for an award of attorney fees. Following appeal to this court and subsequent remand to the trial court (Feister v. Miller (September 12, 2001), Tuscarawas App. No. 2001AP02 0015), the trial court granted the motion for default as to liability only on November 27, 2001.
 {¶ 9} A hearing was held on January 25, 2002. By judgment entry filed March 6, 2002, the trial court found frivolous conduct and awarded appellee as against appellant and his counsel, John Woodard, attorney fees in the amount of $25,376.25 and expenses in the amount of $8,586.00. Following a settlement between the parties regarding damages for misappropriating Mr. Van Lehn's funds, the trial court entered a consent judgment in favor of appellee as against appellant and Ms. Feister in the amount of $100,000.00. See, Judgment entry filed April 8, 2002.
 {¶ 10} On May 2, 2002, appellant, together with Ms. Feister and Mr. Woodard, filed an appeal regarding the April 8, 2002 judgment entry (Case No. 2002AP05 0035). On May 7, 2002, appellant and Ms. Feister filed a second appeal regarding multiple judgment entries (Case No. 2002AP05 0039). By judgment entry filed September 5, 2002, this court consolidated the two appeals. This matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 11} "The trial court committed reversible error in sustaining appellee's motion for summary judgment as to the two (2) motor vehicles.
 II {¶ 12} "The trial court committed reversible error in sustaining the motion for frivolous conduct in filing the complaint."
 III {¶ 13} "The trial court committed error in failing to make findings of fact and conclusions of law as required by the appellant."
 IV {¶ 14} "The trial court admitted into evidence testimony in a civil action concerning Judy Feister in the probate court together with exhibits of a criminal action all of which is inadmissible and prejudicial."
 V {¶ 15} "The trial court committed reversible error in assessing the storage charges as damages herein.
 VI {¶ 16} "The trial court committed reversible error in awarding judgment in the amount of $25,376.25 based upon the hours of three (3) attorneys."
 VII {¶ 17} "The trial court committed reversible error in failing to permit the appellant to file a reply to the counterclaim."
 {¶ 18} Prior to our discussion on the merit review, we wish to discuss the issue of mootness. Appellee claims, and appellant concurs, the judgment for attorney fees has been satisfied and therefore the issue is moot.
 {¶ 19} Generally, we might concur on the issue of mootness; however, this is an action under R.C. 2323.51 and also involves the Code of Professional Responsibility. We believe the consequences of the frivolous conduct findings not to be moot and subject to appellate review.
 {¶ 20} Appellant claims the trial court erred in granting summary judgment to appellee regarding the two motor vehicles. We disagree.
 {¶ 21} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,1996-Ohio-211:
 {¶ 22} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 23} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddyv. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 24} Appellee based his motion for summary judgment on the fact that the two motor vehicle titles which appellant possessed were voidable because they were obtained via a breach of a fiduciary duty (Ms. Feister using her power of attorney to sign over the vehicles to appellant, her husband), and forgery. Although during oral argument appellee claimed certified certificate of titles were never presented, appellee conceded in his summary judgment motion to the authenticity of the transfers. See, Appellee's December 26, 2000 Motion for Summary Judgment at 10.
 {¶ 25} The two motor vehicles at issue are a 1965 Ford Thunderbird and a 1986 Ford Thunderbird once owned by Mr. Van Lehn. The 1965 Thunderbird was transferred to appellant by Ms. Feister as power of attorney. Appellee argues this transfer by a fiduciary to her spouse bears the burden of proof on the issue of fairness. Appellee argues the assignment of certificate of title regarding the 1986 Thunderbird bears a forged signature and was not notarized.
1986 Thunderbird
 {¶ 26} In his July 24, 2000 affidavit at paragraph four, appellee states he "was informed by his secretary that someone had brought to affiant's office one car title to be notarized and that the secretary informed the person that the car title could not be notarized without seeing Mr. Van Lehn sign or acknowledge signing the same." The vehicle was eventually transferred. In their affidavits of July 20, 2000, Gertrude Saperito and Karen Hancock, Mr. Van Lehn's caregivers, stated the signature on the certificate of title was not the signature of Mr. Van Lehn and a notary was not present in the home on the day of the purported signing.
 {¶ 27} In his affidavit of July 15, 2000, appellant states the signature regarding the 1986 Thunderbird is true, and his wife signed over the certificate of title for the 1965 Thunderbird to him with Mr. Van Lehn's assent.
 {¶ 28} We note appellant did not file a response to appellee's motion for summary judgment. This response falls short of the burdens placed upon appellant under Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107. As stated by our brethren from the Ninth District inAustin v. Peterson (1999), Medina App. No. 2735-M:
 {¶ 29} "The party that moves for summary judgment bears the initial burden of identifying evidence that demonstrates that there is no genuine issue of material fact regarding an essential element of the nonmoving party's claim. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429,674 N.E.2d 1164, citing Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264. Once the moving party has satisfied its burden, the nonmoving party bears a reciprocal burden to set forth facts demonstrating that there is a genuine issue for trial. Vahila v. Hall,77 Ohio St.3d at 429, 674 N.E.2d 1164, citing Dresher v. Burt,75 Ohio St.3d at 293, 662 N.E.2d 264. When the nonmoving party fails to meet this burden, summary judgment may be appropriately granted in favor of the moving party. Dresher v. Burt, 75 Ohio St.3d at 293, 662 N.E.2d 264."
 {¶ 30} Upon review, we find an unsubstantiated claim regarding the 1965 Thunderbird. Appellant failed to present any evidence as to the "fairness" of the transfer.
 {¶ 31} As for the 1986 Thunderbird, we find the statements of Ms. Saperito and Ms. Hancock, two individuals who knew Mr. Van Lehn's signature and claimed the certificate of title was forged, coupled with the attempt to obtain a notary acknowledgment without the signor's presence, leads reasonable minds to but one conclusion.
 {¶ 32} Upon review, we find the trial court did not err in granting summary judgment to appellee regarding the two motor vehicles.
 {¶ 33} Assignment of Error I is denied.
 II {¶ 34} Appellant claims the trial court erred in finding frivolous conduct.
 {¶ 35} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9. We also note in Ron Scheiderer. Associates v. City of London, 81 Ohio St.3d 94, 98, 1998-Ohio-453, the Supreme Court of Ohio found our review to be abuse of discretion.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 36} R.C. 2323.51(A)(2)(ii) defines frivolous conduct as follows:
 {¶ 37} "(a) Conduct of an inmate or other party to a civil action, of an inmate who has filed an appeal of the type described in division (A)(1)(b) of this section, or of the inmate's or other party's counsel of record that satisfies either of the following:
 {¶ 38} "* * *
 {¶ 39} "(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."
 {¶ 40} In further defining frivolous conduct, the Supreme Court of Ohio in Ron Scheiderer at 97-98 stated the following:
 {¶ 41} "Additionally, we observe that the risk of a motion for sanctions under the statute is one that an attorney should anticipate when filing a complaint. We have no desire to cause a chilling effect on the duty of counsel to vigorously represent their clients. Counsel, however, must balance that duty with their concomitant obligation to the bar, the court, and their client to perform responsibly `within the bounds of the law.' See Canon 7; E.C. 7-1. When a trial court has determined that reasonable inquiry by a party's counsel of record should reveal the inadequacy of a claim, a finding that the counsel of record has engaged in frivolous conduct is justified, as is an award, made within the statutory guidelines, to any party adversely affected by the frivolous conduct."
 {¶ 42} In its judgment entry filed March 6, 2002, the trial court found the following:
 {¶ 43} "Attorney John L. Woodard and Plaintiff, Junior Bruce Feister have engaged in `Frivolous Conduct' as defined in Section 2323.51, Ohio Revised Code, for having filed a civil action for replevin of two (2) motor vehicles when they had full knowledge of the following Facts:
 {¶ 44} "That Judy Feister, the wife of the Plaintiff in this case and Counter Claim Defendant, had been given a Power of Attorney by the decedent, Albert Max Van Lehn, to assist with his financial affairs;
 {¶ 45} "That the Power of Attorney given to Judy Feister by the decedent had been terminated when a police investigation of a Theft of cash and/or assets by Judy Feister from the decedent, Mr. Van Lehn had been commenced.
 {¶ 46} "That Judy Feister, the wife of the Plaintiff, was indicted by the Grand Jury of Tuscarawas County, Ohio, for the Theft of cash and/or assets from Albert Max Van Lehn (value of said cash or assets being $100,000.00 or more) and that the two (2) motor vehicles which are the subject of the Complaint in Replevin in this case were asserted by the State of Ohio in the criminal Indictment against Ms. Feister to be among the assets allegedly stolen by the wife of the Plaintiff.
 {¶ 47} "That Plaintiff and Mr. Woodard knew, prior to the filing of the Complaint in this case, that the titles to the motor vehicles which are the subject of the Complaint in Replevin in this case were obtained by either fraud or criminal means, but, they nevertheless, chose to file the Complaint in Replevin in this case, apparently in an attempt to negotiate a more favorable (to Mrs. Feister) outcome in the criminal proceedings."
 {¶ 48} The trial court granted the entire fee request. It is clear from the trial court's findings that the trial court did not consider Count 2 of appellant's complaint which sought the return of miscellaneous personal items. Said items were returned by agreement and the count was rendered moot in the trial court's judgment entry of January 23, 2001.[1]
In his motion for summary judgment, appellee concurred the items were rightfully appellant's. Therefore, any defense of this action must be discounted for the defense by appellees to Count 2 and any associated expenses must be segregated from the costs associated with the replevin of the motor vehicles.
 {¶ 49} From our review of the record, it is clear the motor vehicles were no longer a part of the criminal proceedings as of May 22, 2001 and therefore, there remained issues concerning their possession. Also, appellee, as noted supra, readily agreed the certificates of title purport to be the actual titles to the motor vehicles and the owner purports to be appellant. Although we concur that it is clear for purposes of summary judgment that appellant and Ms. Feister knew the falsity of the claims, it is not as clear as it pertains to their attorney, Mr. Woodard.
 {¶ 50} We find the finding against Mr. Woodard to be in error because the certificates of title are clear on their face that appellant was the owner of the motor vehicles. Until the summary judgment motion was filed and the affidavits of the independent witnesses were given, we are hard-pressed to impugn Ms. Feister's crima facie to Mr. Woodard.
 {¶ 51} Assignment of Error II is granted in part. The issue is remanded to the trial court to determine what fees were actually attributed to the defense of the auto replevin and to dismiss the finding of frivolous conduct against Mr. Woodard.
 III {¶ 52} Appellant claims the trial court erred in failing to make findings of fact and conclusions of law on the issue of frivolous conduct. We disagree.
 {¶ 53} From our review of the trial court's March 6, 2002 judgment entry, we find sufficient findings of fact and conclusions of law to fulfill the trial court's duty.
 {¶ 54} Assignment of Error III is denied.
 IV {¶ 55} Appellant claims the trial court erred in permitting evidence of Ms. Feister's criminal indictment, conviction and sentencing. We disagree.
 {¶ 56} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore, supra. We note Evid.R. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 57} The actions of the fiduciary, Ms. Feister, were central to the underlying claim regarding the 1965 Thunderbird. Further, appellee fully presented the issue in his motion for summary judgment.
 {¶ 58} Upon review, we find the trial court did not abuse its discretion in admitting the complained of evidence.
 {¶ 59} Assignment of Error IV is denied.
 V {¶ 60} Appellant claims the trial court erred in assessing storage charges against Mr. Woodard. We agree.
 {¶ 61} It was not until May 22, 2000 that appellee knew the motor vehicles would not be used as evidence in the criminal action involving Ms. Feister. See, December 22, 2000 Miller aff. at paragraph three. The complaint was filed on May 11, 2000, prior to the release of the motor vehicles by the state. Therefore, the motor vehicles were already secured by appellee.
 {¶ 62} In its judgment entry of March 6, 2002, the trial court found the storage for the motor vehicles was necessitated by the filing of the complaint sub judice. We disagree with this cost assessment for the following reasons. When the complaint was filed, the motor vehicles were already subject to a hold pending the criminal action. Further, when the complaint was filed, appellant or Mr. Woodard made no effort to secure the vehicles.
 {¶ 63} Appellee's actions in securing the motor vehicles were not brought about by any action of appellant. Therefore, we find storage fees are not permitted as part of the frivolous conduct award.
 {¶ 64} Assignment of Error V is granted.
 VI {¶ 65} Based upon our decision in Assignment of Error II, this assignment of error is moot.
 VII {¶ 66} Appellant claims the trial court erred in denying his motion to file an answer to the counterclaim. We disagree.
 {¶ 67} Appellant was in default on answering the counterclaim and on January 23, 2001, the trial court granted leave to appellee to file for default judgment. Appellee filed his motion for default on the counterclaim on February 13, 2001. Appellant's motion for leave to file an answer on the counterclaim was filed on March 2, 2001.
 {¶ 68} Civ.R. 12(A)(1) expressly provides that "(t)he defendant shall serve his answer within twenty-eight days after service of the summons and complaint upon him." A late filing may be made "upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect * * *." Civ.R. 6(B)(2). "Furthermore, the failure of the defendant to comply, even substantially, with the procedures outlined in the Civil Rules subjected her to the motion for a default judgment, and the plaintiffs, having complied with the Civil Rules, had a right to have their motion heard and decided before the cause proceeded to trial on its merits."Miller v. Lint (1980), 62 Ohio St.2d 209, 214.
 {¶ 69} Clearly the request for leave was untimely. Pursuant to the civil rules and Miller, we find the trial court did not err in denying appellant's motion to file an answer to the counterclaim.
 {¶ 70} Assignment of Error VII is denied.
 {¶ 71} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed in part, reversed in part and remanded.
By Farmer, P.J., Edwards, J. and Boggins, J. concur.
Topic: Replevin Action; frivolous conduct.
[1] In the judgment entry, the trial court erroneously referred to Count 2 as the "First Claim."