[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{para;1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{para;2} The first assignment of error, which essentially requests that this court reconsider its Judgment Entry of March 21, 2001, is overruled. Plaintiff-appellant Evans Koukios's request for reconsideration is untimely and lacks any merit.
{para;3} We also overrule the second assignment of error, which alleges that the trial court erred in granting the Civ.R. 12(B)(6) motion of defendants-appellees Michael Ganson and Michael Ganson, L.P.A., (together, "Ganson") to dismiss Koukios's complaint.
{para;4} A trial court may dismiss a complaint under Civ.R. 12(B)(6) only where it appears beyond doubt that the plaintiff can prove no set of facts warranting recovery. See Taylor v. London, 88 Ohio St.3d 137,2000-Ohio-278, 723 N.E.2d 1089, citing O'Brien v. Univ. Community TenantsUnion, Inc. (1975), 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. In ruling on a Civ.R. 12(B)(6) motion to dismiss, the trial court is required to presume that all factual allegations of the complaint are true. See Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,532 N.E.2d 753.
{para;5} The trial court properly determined that Koukios's constitutional claims failed, because Ganson was not a "state actor" and had not been "acting under color of state law."
{para;6} The court also properly found that Koukios's claim for malicious prosecution failed, because he could not establish that the prior prosecution terminated in his favor. See Trussell v. General MotorsCorp. (1990), 53 Ohio St.3d 142, 559 N.E.2d 732; Norwell v. Cincinnati
(1999), 133 Ohio App.3d 790, 729 N.E.2d 1223.
{para;7} Koukios's claim for abuse of process was negated by his allegation that Ganson had used a sham legal process. In order to establish a claim for abuse of process, Koukios had to allege that a legal proceeding had been set in motion in proper form and with probable cause and that the proceeding had been perverted to accomplish an ulterior purpose for which it was not designed. See Yaklevich v. Kemp,Schaeffer Rowe Co., L.P.A., 68 Ohio St.3d 294, 1994-Ohio-503,626 N.E.2d 115, paragraph one of the syllabus; Smith v. A.B. BondedLocksmith, Inc. (2001), 143 Ohio App.3d 321, 757 N.E.2d 1242. Koukios effectively negated his claim charging wrongful use of process by alleging that Ganson had "used sham legal process," because R.C.2921.52(A)(4) defines "sham legal process" as an instrument that is "not lawfully issued."
{para;8} Finally, the trial court properly dismissed Koukios's claims that Ganson had used sham legal process and had engaged in a pattern of corrupt activity, because the complaint did not set forth sufficient factual allegations to support either claim.
{para;9} The third and fourth assignments of error, which allege that the trial court erred in awarding attorney fees to Ganson and to Harry J. Finke and Graydon, Head and Ritchey (together, "GHR"), are overruled.
{para;10} Pursuant to Sections 1441 and 1446, Title 28, U.S. Code, only the defendant may remove a case to federal court. See Fox v. Stames
(Dec. 8, 1989), 11th Dist. No. 88-L-13-192; see also, Gargallo v. Brown
(May 3, 1977), 10th Dist. Nos. 76AP-986 and 76AP-993 ("Filing a petition for removal to Federal Court does not divest a state court of jurisdiction unless the petition for removal sets forth some basis which could constitute grounds for removal. Here, nothing was set forth in the petition for removal which could have effectuated removal, since plaintiff was seeking removal of his own case to the Federal Court.") Proceedings in the state court subsequent to the petition for removal are valid if the suit was not removable. See State ex rel Ervin v. Gilligan (June 12, 1973), 10th Dist. No. 72AP-47, citing Iowa Central Ry. Co. v. Bacon
(1915), 236 U.S. 305, 35 S.Ct. 357. A purported petition for removal that does not set forth any valid grounds for removal does not deprive the state court of jurisdiction. See Bd. of Trustees for the Memorial CivicCtr. v. The Carpenter Co. (Aug. 9, 1982), 3rd Dist. No. 1-81-38. Therefore, the trial court did not lose jurisdiction, because Koukios, as the plaintiff, did not file a valid petition for removal.
{para;11} The trial court has the authority to award reasonable attorney fees incurred by any party adversely affected by frivolous conduct. See Ron Scheiderer Assocs. v. London, 81 Ohio St.3d 94,1998-Ohio-453, 689 N.E.2d 552. The record supports a finding that Koukios had engaged in frivolous conduct. See Riston v. Butler,149 Ohio App.3d 390, 2002-Ohio-2308, 777 N.E.2d 857. We hold, therefore, that the trial court did not abuse its discretion in awarding attorney fees to Ganson and GHR as sanctions for Koukios's frivolous conduct.
{para;12} The fifth assignment of error, which alleges that the trial court erred in granting GHR's motion for summary judgment, is overruled. Expert testimony is required in a legal malpractice case to establish the attorney's breach of the duty of care, except in cases where the breach or lack thereof either is so obvious that it can be determined by the court as a matter of law or is within the ordinary knowledge and experience of laymen. See McInnis v. Hyatt Legal Clinics (1984),10 Ohio St.3d 112, 461 N.E.2d 1295; Evans v. Moore, Moore Moore
(June 29, 1994), 1st Dist. No. C-930288; Economou v. Carpenter (June 30, 1993), 1st Dist. No. C-920224; Bloom v. Dieckmann (1983),11 Ohio App.3d 202, 464 N.E.2d 187.
{para;13} GHR filed an affidavit and the deposition of an expert witness in support of its motion for summary judgment. Koukios did not produce any expert testimony showing that a genuine issue of material fact existed. Expert testimony was necessary to support Koukios's claim for legal malpractice. Therefore, the trial court properly granted GHR's motion for summary judgment.
{para;14} The sixth assignment of error is overruled, because there is nothing in the record to support Koukios's claim that any of the counsel involved in this case engaged in improper conduct warranting disqualification.
{para;15} The seventh assignment of error is overruled. The Cincinnati Bar Association was dismissed from the action by the trial court, and this court affirmed the dismissal on March 21, 2001.
{para;16} Therefore, the judgment of the trial court is affirmed.
{para;17} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Winkler, JJ.