[Cite as *Basch Chelik, Inc. v. Alavanja*, 2012-Ohio-4726.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 98344

# BASCH CHELIK, INC., ET AL.

### PLAINTIFFS-APPELLEES

vs.

# ALEXANDER ALAVANJA, ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-758377

**BEFORE:** Cooney, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** October 11, 2012

**ATTORNEY FOR APPELLANTS**

Andrew J. Simon
Freedom Square II, Suite 165
6000 Freedom Square Drive
Independence, Ohio 44131


**FOR APPELLEES**

**Attorney for Basch Chelik, Inc., et al.**

Kent R. Minshall, Jr.
2189 Professor Avenue
Suite 100
Cleveland, Ohio 44113

**For Lola Jovanovic**

Lola Jovanovic, pro se
6195 St. Joseph Drive
Seven Hills, Ohio 44131

COLLEEN CONWAY COONEY, J.:

{¶1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Defendants-appellants, Alexander Alavanja ("Alavanja") and the Estate of Vukomir Alavanja ("the Estate") (collectively referred to as "appellants"), appeal the trial court's denial of their motion for attorney fees and expenses. We find no merit to the appeal and affirm.

{¶2} Plaintiffs-appellees, Basch Chelik, Inc. and Nenad Stanisic (collectively "appellees"), filed suit in 2009 against appellants and Lola Jovanovic ("Jovanovic") to recover money damages from an unpaid loan. They voluntarily dismissed the case pursuant to Civ.R. 41(A) and refiled the complaint 11 months later in June 2011. When appellees refiled the complaint, they set forth the same address in the caption for Alavanja that they had used to obtain service in the earlier litigation. However, instead of using the address they had previously used to obtain service on the Estate, appellees attempted to obtain service on the Estate at attorney John Kealy's ("Kealy") address. Kealy had previously represented the Estate in the prior litigation but had withdrawn and no longer represented the Estate.

{¶3} After service at Kealy's address failed twice, Kealy advised the court that he no longer represented appellants and that service should be made individually. However, rather than serve the Estate individually, appellees submitted an affidavit to the

court as evidence that service had been made by publication. The affiant stated that appellees were unable to obtain service by certified mail, ordinary mail, or personal service on either appellant. However, the affidavit failed to outline any steps taken to ascertain the correct address.

{¶4} In January 2012, appellants, through counsel, filed a motion to dismiss the complaint for lack of service pursuant to Civ.R. 12(B)(5) and 4(E). The court granted the motion and dismissed appellants from the case. Appellants subsequently filed a motion for attorney fees and other expenses for having had to defend against appellees' "frivolous misconduct." The court denied the motion, and this appeal followed.

{¶5} In their sole assignment of error, appellants argue the trial court erred in denying their motion for attorney fees and expenses without a hearing. They contend they were entitled to attorney fees under R.C. 2323.51 because the record clearly evidenced appellees' frivolous conduct.

{¶6} First, we note that appellants never requested a hearing on their motion for attorney fees. They incorporated their motion to dismiss with evidentiary materials, including affidavits. They also filed a two-page reply to appellees' brief in opposition. And because they claim the record is clear, we find no error in the court's ruling without a hearing.

{¶7} "R.C. 2323.51 provides for an award of attorney fees to a party harmed by 'frivolous conduct' in a civil action." *Moss v. Bush*, 105 Ohio St.3d 458, 2005-Ohio-2419, 828 N.E.2d 994, fn. 3; *State ex rel. Ohio Dept. of Health v. Sowald*, 65

Ohio St.3d 338, 343, 1992-Ohio-1, 603 N.E.2d 1017. The General Assembly vests the trial court with discretion when deciding whether to award sanctions, including an award of reasonable attorney fees. R.C. 2323.51(B)(1). Accordingly, we will not reverse the trial court's decision on whether to award sanctions under R.C. 2323.51 absent an abuse of discretion. *Ron Scheiderer & Assoc. v. London*, 81 Ohio St.3d 94, 98, 1998-Ohio-453, 689 N.E.2d 552. We note, however, that the trial court is in the best position to appraise the conduct of the parties, and "an appellate court must defer to the trial court's ruling on a motion for sanctions." *First Place Bank v. Stamper*, 8th Dist. No. 80259, 2002-Ohio-3109, ¶ 17.

{¶8} R.C. 2323.51 defines "frivolous conduct," in pertinent part, as:

(a) Conduct of a * * * party to a civil action * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action * * * or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶9} Appellants contend that appellees' repeated attempts to obtain service on Kealy rather than on the actual parties, and their false attempt to obtain service by publication constitutes frivolous conduct. They further assert that appellees' motion for default judgment constituted frivolous conduct because they made misrepresentations to the court.

{¶10} Appellees should have served appellants individually "by delivering a copy to the person summoned or notified, or by leaving a copy at the residence." R.C. 2151.29. Indeed, appellees obtained service on appellants at their residence in the prior litigation. Although appellants' motion to dismiss shielded them from potential liability, they were never in danger of having a judgment rendered against them because appellees failed to obtain service on them.

{¶11} Further, appellees obtained a default judgment on the cognovit note involving Jovanovic, which suggests they presented meritorious claims in the underlying action. Whether appellees' claims against appellants had merit or were frivolous is not an issue here because the case never reached that point in litigation where the merits of those claims were tested.

{¶12} Under these circumstances, we cannot say that appellees' conduct was frivolous as defined by R.C. 2323.51 or that the trial court abused its discretion in denying appellants' motion for attorney fees and expenses.

{¶13} The sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellees recover of appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS IN JUDGMENT ONLY;
LARRY A. JONES, SR., J., DISSENTS (WITH SEPARATE OPINION ATTACHED)

LARRY A. JONES, SR., J., DISSENTING:

{¶15} Respectfully, I dissent. I believe that the trial court should have conducted a hearing to determine whether the appellees engaged in frivolous conduct warranting the award of attorney fees.

{¶16} As the majority opinion states, there is no dispute that the appellees had the appellants' Seven Hills address from the first lawsuit. However, instead of seeking to serve the appellants at this address for the second lawsuit, they served the appellants' attorney. After being informed the attorney no longer represented the appellants, appellees inexplicably sought service by publication instead of serving the appellants at the Seven Hills address. Interestingly, their discovery requests were sent to the Seven Hills address. I agree with the appellants that the appellees' inept attempts at service could have been a strategy by appellees to attempt to receive default judgment.

{¶17} Accordingly, I believe the trial court should have conducted a hearing to determine if appellees engaged in frivolous conduct. Thus, I would reverse the trial court's judgment and remand for a hearing.