[Cite as *Paolucci v. Morgan*, 2016-Ohio-3009.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| DENISE PAOLUCCI, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0086** |
| TIMOTHY MORGAN, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 189.

Judgment:  Appeal dismissed.

*Oliver T. Koo,* 250 South Chestnut Street, Suite 23, Ravenna, OH  44266 (For Plaintiff-Appellant).

*John A. Neville and Holly Marie Wilson, Reminger Co., L.P.A.*, 101 West Prospect Avenue, Cleveland, OH  44115-1093 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1}   Appellant, Denise Paolucci, appeals the trial court's judgment granting appellees, Timothy and Maren Morgan, partial summary judgment.

{¶2}   Paolucci boarded three horses on the Morgans' property.  Paolucci filed her complaint against the Morgans asserting claims for breach of contract, negligence, and wrongful disposal of her dead foal.  The allegations supporting the various claims are immaterial.  Although not captioned as a partial motion for summary judgment, the

Morgans moved for summary judgment on the breach of contract and negligence claims only. They did not move for summary judgment on the wrongful disposal claim.

{¶3} An appellate court may only consider appeals from final judgments or orders. *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989). According to Section 3(B)(2), Article IV of the Ohio Constitution, a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶3. If a lower court's order is not final, then an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and if applicable, Civ.R. 54(B). *See Childrens Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶3.

{¶4} Civ.R. 54(B) states:

{¶5} "When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any

2

time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

{¶6} Further, this court has repeatedly held that where there are multiple claims or parties involved, an entry entering final judgment as to one or more, but fewer than all of the claims or parties is not a final, appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay[.]" *Meffe v. Griffin,* 11th Dist. Trumbull No. 2012-T-0032, 2012-Ohio-3642, ¶11. *See also Elia v. Fisherman's Cove*, 11th Dist. Trumbull No. 2010-T-0036, 2010-Ohio-2522, ¶6.

{¶7} The trial court granted the Morgans' summary judgment motion on the breach of contract and negligence claims. Neither the summary judgment motion nor the trial court's judgment addresses Paolucci's claim for wrongful disposal. Thus, this claim remains pending.

{¶8} Furthermore, the trial court's judgment does not include the Civ.R. 54(B) language, and as such, no final, appealable order exists. Based on the foregoing, this appeal is dismissed due to lack of a final, appealable order.

{¶9} Appeal dismissed.


DIANE V. GRENDELL, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

3