[Cite as *King v. Pattison*, 2016-Ohio-4785.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| RONALD O. KING | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| ROSS A. PATTISON, ET AL. | : | Case No. CT2016-0007 |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Case No. CH2010-0135


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      June 30, 2016


APPEARANCES:

For Plaintiff-Appellee

MILES D. FRIES
320 Main Street
P.O. Box 190
Zanesville, OH 43702-0190

For Defendants-Appellants

ROBERT E. SOLES, JR.
KEVIN C. COX
6545 Market Avenue North
North Canton, OH 44721

*Farmer, P.J.*

{¶1} On July 3, 2006, appellee, Ronald King, entered into a lease agreement with appellants, Ross Pattison and Pattico, LLC, to lease commercial property. Appellee failed to pay rent and in January 2007, he received notice to vacate the premises. A dispute arose over appellee's failure to remove personal property from the premises in a timely manner. On February 22, 2007, appellee signed a written agreement wherein he agreed to remove the remaining items by February 23, 2007, and failure to do so would result in appellants taking ownership of any remaining personal property. Appellee was locked out of the premises in March 2007.

{¶2} On February 8, 2008, appellee filed a complaint against appellants which was dismissed and subsequently refiled on February 19, 2010, claiming appellants willfully, wrongfully, and maliciously seized possession of and disposed of appellee's personal property. On April 22, 2010, appellants filed a counterclaim for breach of the lease agreement, failure to pay rent, failure to remove personal property from the premises, and damages to the premises.

{¶3} On May 11, 2012, appellants filed a motion for summary judgment. By journal entry filed September 17, 2012, the trial court denied the motion, finding genuine issues of material fact to exist.

{¶4} On November 26, 2012, appellants filed a motion to disqualify appellee's attorney, claiming the attorney may be called as a witness. By order filed February 8, 2013, the trial court granted the motion. This decision was reversed on appeal. *See King v. Pattison,* 5th Dist. Muskingum No. CT2013-0010, 2013-Ohio-4665.

{¶5} On May 12, 2014, appellants filed a motion to dismiss or in the alternative, motion for summary judgment. By entry filed June 24, 2014, the trial court denied the motion.

{¶6} On October 15, 2015, appellee filed a notice of dismissal, as the parties had entered into a settlement agreement.

{¶7} On November 16, 2015, appellants filed a motion for sanctions and costs, seeking attorney fees for frivolous conduct. By order filed December 21, 2015, the trial court denied the motion.

{¶8} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶9} "THE TRIAL COURT'S DECISION TO REFUSE TO AWARD SANCTIONS AND ATTORNEYS' FEES TO DEFENDANT-APPELLANT AS A RESULT OF THE CONDUCT OF PLAINTIFF-APPELLEES AND THEIR COUNSEL WAS AN ABUSE OF DISCRETION."

I

{¶10} Appellants claim the trial court erred in refusing to award sanctions/attorney fees and costs pursuant to Civ.R.11 and R.C. 2323.51. Appellants claim frivolous conduct as there was no evidence supporting the claim of conversion. We disagree.

{¶11} Civ.R. 11 states the following in pertinent part:

> Every pleading, motion, or other document of a party represented by an attorney shall be signed by at least one attorney of record in the

attorney's individual name, whose address, attorney registration number, telephone number, facsimile number, if any, and business e-mail address, if any, shall be stated.***The signature of an attorney or *pro se* party constitutes a certificate by the attorney or party that the attorney or party has read the document; that to the best of the attorney's or party's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a document is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the document had not been served. For a willful violation of this rule, an attorney or *pro se* party, upon motion of a party or upon the court's own motion, may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule. Similar action may be taken if scandalous or indecent matter is inserted.

{¶12} R.C. 2323.51(A)(2) defines "frivolous conduct" as follows in pertinent part:

(a) Conduct of an inmate or other party to a civil action***or of the inmate's or other party's counsel of record that satisfies any of the following:

(ii) It is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing

law, or cannot be supported by a good faith argument for the establishment of new law.

{¶13} Subsection (B)(1) states:

Subject to divisions (B)(2) and (3), (C), and (D) of this section and except as otherwise provided in division (E)(2)(b) of section 101.15 or division (I)(2)(b) of section 121.22 of the Revised Code, at any time not more than thirty days after the entry of final judgment in a civil action or appeal, any party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney's fees, and other reasonable expenses incurred in connection with the civil action or appeal. The court may assess and make an award to any party to the civil action or appeal who was adversely affected by frivolous conduct, as provided in division (B)(4) of this section.

{¶14} "A motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award." *Ferron v. Video Professor, Inc.,* 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 44. The decision to award attorney fees as a sanction for frivolous conduct rests within the trial court's sound discretion. *Burchett v. Larkin,* 192 Ohio App.3d 418, 2011-Ohio-684 (4th Dist.). In order to find an

abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶15} Appellants filed two motions for summary judgment. In the first motion filed on May 11, 2012, appellants argued genuine issues of material fact did not exist to establish conversion as appellee was given the opportunity to remove his personal property from the premises and in fact, agreed to remove all items by February 23, 2007. In his memorandum contra filed on June 14, 2012, appellee argued he signed the agreement under duress as he was threatened and felt forced to sign it. The trial court denied the motion on September 17, 2012, finding genuine issues of material fact to exist. The second motion filed on May 12, 2014 was styled as a motion to dismiss or in the alternative, a motion for summary judgment, making the same argument, no evidence of a conversion. The trial court denied this motion on June 24, 2014.

{¶16} Although appellants acknowledge they lost both attempts at summary judgment, they argue appellee's attorney missed a duly noticed deposition and eventually stipulated to a previously contested point, that appellants had responded to appellee's attorney's demand letter prior to filing the complaint. *See* Stipulations, attached to the Motion for Sanctions and Costs as Exhibit C.

{¶17} Throughout the tortured history of this case, which included two different trial court judges, appellants had two different attorneys, an amended answer to the complaint, and a direct appeal of the order disqualifying appellee's attorney, the defense remained the same. Each time it was raised, two different trial court judges found genuine issues of material fact to exist.

{¶18} After a review of the record for appeal and the numerous decisions on the same issue, we find the trial court did not abuse its discretion in denying the motion for sanctions/attorney fees and costs.

{¶19} The sole assignment of error is denied.

{¶20} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Delaney, J. and

Baldwin, J. concur.

SGF/sg