[Cite as *Marks v. Aurora Bd. of Zoning Appeals*, 2016-Ohio-5182.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**

| | | |
|---|---|---|
| DOUGLAS MARKS, et al., | : | **O P I N I O N** |
| Appellant, | : | |
| - vs - | : | **CASE NO. 2015-P-0048** |
| CITY OF AURORA, BOARD OF ZONING APPEALS, et al., | : | |
| | : | |
| Appellees. | : | |
| | : | |

Administrative Appeal from the Portage County Court of Common Pleas, Case No. 2013 CV 00840.

Judgment: Affirmed.

*Richard C. Lombardi,* 240 South Chestnut Street, Suite B, Ravenna, OH 44266 (For Appellant).

*Douglas K. Paul,* Reitz, Paul, & Shorr, Attorneys at Law, 215 West Garfield Road, Suite 203, Aurora, OH 44202, and *Dean E. DePiero,* Aurora Law Director, 130 South Chillicothe Road, Aurora, OH 44202 (For Appellee, City of Aurora, Board of Zoning Appeals).

*Chad E. Murdock,* 228 West Main Street, P.O. Box 248, Ravenna, OH 44266 (For Appellee, Charles Marks).

DIANE V. GRENDELL, J.

{¶1} Plaintiff-appellant, Douglas Marks, appeals the judgment of the Portage County Court of Common Pleas, sustaining the decision of defendant-appellee, Aurora Board of Zoning Appeals, granting defendant-appellee, Charles F. Marks, an area

variance. The issue before this court is whether a party that fails to file a brief in an administrative appeal before the common pleas court may raise arguments for the first time on appeal before the court of appeals. For the following reasons, we affirm the decision of the court below.

{¶2} On August 26, 2013, James E. Marks and Douglas Marks filed an Administrative Appeal of the City of Aurora, Board of Zoning Appeals Resolution 2013-07.

{¶3} On March 11, 2014, Charles was granted leave to intervene as an appellee.

{¶4} On June 2, 2014, James filed a Brief in Support of Administrative Appeal.

{¶5} On June 30, 2014, Charles filed a Brief.

{¶6} On July 14, 2014, the Aurora Board of Zoning Appeals filed its Brief.

{¶7} On June 5, 2015, the Portage County Court of Common Pleas issued a Judgment Entry, sustaining the decision of the Aurora Board of Zoning Appeals and overruling the administrative appeal.[1]

{¶8} On July 6, 2015, Douglas filed a Notice of Appeal.

{¶9} On appeal, Douglas raises the following assignments of error:

{¶10} "[1.] The trial court erred in sustaining the decision of the Aurora Board of Zoning Appeals in granting a variance where the Board never sent the notice of hearing to one of the owners."

{¶11} "[2.] The trial court erred in sustaining the decision of the Aurora Board of Zoning Appeals where the court failed to hold a hearing where it was apparent on the

---

1. The signature line on this entry indicated that it was signed by the court magistrate, rather than the trial court judge. On September 29, 2015, the trial court issued a Judgment Entry *Nunc pro Tunc*, in which the signature line identified the signature as belonging to the trial court judge.

2

face of the transcript that appellant, Douglas Marks, was not permitted to appear and be heard in person and where the testimony adduced was not given under oath."

{¶12} "[3.] The trial court erred in sustaining the decision of the Aurora Board of Zoning Appeals in granting a variance where the Board was instructed it was irrelevant that the majority of owners were against the variance and that the court needed the Board's help and that the court was sending them the case."

{¶13} Preliminarily, the appellees assert that Douglas has waived the arguments now raised before this court by not raising them before the trial court. We agree.

{¶14} It is an established general rule that "[a]n appellate court will not consider any error which a party complaining of a trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St.3d 121, 123, 512 N.E.2d 640 (1987). The rule applies in the administrative context, where the court of common pleas exercises appellate jurisdiction. *Compare State v. Wirick*, 81 Ohio St. 343, 347, 90 N.E. 937 (1910) ("[w]here a cause has been brought up for review from an intermediate court of appellate jurisdiction * * *, questions * * * which were neither made in the court of first instance nor assigned for error in the intermediate court, will not be considered") (citation omitted). Thus, "[a] failure to raise an issue during an administrative appeal before the common pleas court operates as a waiver of the party's right to assert the issue for the first time to an appellate court." *Gross Builders v. Tallmadge*, 9th Dist. Summit No. 22484, 2005-Ohio-4268, ¶ 36.

{¶15} In the present case, Douglas did not file a brief in support of the administrative appeal to the Portage County Court of Common Pleas. He has thereby waived his right to challenge the lower court's ruling on appeal to this court. We further

3

reject Douglas' claim that his brother, James, preserved his claim regarding inadequate notice for appeal.

{¶16} Before the zoning board and court of common pleas, Douglas was represented by Attorney Richard C. Lombardi. On March 13, 2014 (about seven months after the administrative appeal was filed), Attorney Lombardi withdrew from his representation of Douglas. As Douglas acknowledges in his brief before this court, "[a]t that point, Mr. [Douglas] Marks was proceeding pro se." Appellant's brief at 14.

{¶17} The evidence before the lower court was that the Marks brothers, Douglas, James, and Charles, owned as tenants-in-common a parcel of land located at 908 Old Mill Road, Aurora, which was the subject of a pending partition action. The location is zoned R-2 Residential which requires lots to have 250 feet of frontage. Under a proposed partitioning of the property, Charles would receive a lot requiring a 19-foot frontage variance. Charles filed an Application for variance.

{¶18} An initial meeting of the zoning board to consider Charles' Application was held on May 8, 2013, at which Attorney Lombardi was present on Douglas' behalf. A motion was approved that "the Board table this [matter] for 30 days," as there was some uncertainty as to whether the Application was properly before the zoning board or whether it should be considered by the planning commission. The parties were advised that they would be notified before the June meeting, which would take place on the "second Wednesday" of the month. On July 8, 2013, Attorney Lombardi was emailed notice that the zoning board would consider the requested variance at its July 10, 2013 meeting.

4

{¶19} At the July 10, 2013 meeting, the zoning board considered and granted the variance (Resolution 2013-07). Neither Attorney Lombardi nor Douglas were present.

{¶20} On July 12, 2013, Attorney Lombardi wrote the zoning board advising that 48 hours notice was inadequate for him or Douglas, a resident of Wisconsin, to attend the meeting.

{¶21} James did file a brief in support of the administrative appeal, in which he refers to Douglas' claim that he received inadequate notice of the July 10, 2013 meeting of the zoning board whereat the merits of the requested variance were discussed. In the last sentence of the brief's Conclusion, it stated that Douglas "by virtue of the notice sent to him and his counsel was deprived of his Constitutional Rights, i.e., to participate in proceedings." No further argument was presented.

{¶22} On appeal before this court, Douglas claims that Charles' Application for variance was invalid because it did not identify him as a co-owner of the property and that the zoning board failed to comply with Aurora Codified Ordinance 1139.06 (Uniform Notice of Hearing) when issuing notice of the July 10, 2013 hearing. Assuming, arguendo, that James had standing to argue Douglas' lack of notice before the common pleas court, he presented neither the specific arguments now raised by Douglas nor substantive argument regarding the alleged deprivation of due process in general.

{¶23} Accordingly, Douglas has waived the arguments raised on appeal and the assignments of error are without merit.

{¶24} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, sustaining the decision of the Aurora Board of Zoning Appeals, is affirmed. Costs to be taxed against appellant.

5

TIMOTHY P. CANNON, J., concurs in judgment only,

COLLEEN MARY O'TOOLE, J., dissents with a dissenting opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents, with Dissenting Opinion.

{¶25} Finding merit in Douglas' first assignment of error, I would reverse and remand, with an order to the trial court to vacate the decision of the zoning board. Douglas did not receive proper notice of the hearing regarding the zoning variance requested by Charles, and was deprived of due process.

{¶26} In *State v. Mateo*, 57 Ohio St.3d 50, 52 (1991), the Supreme Court of Ohio stated:

{¶27} "The United States Supreme Court has stated that the essence of due process is notice and an opportunity to be heard: 'For more than a century the central meaning of procedural due process has been clear: "Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified." (* * *) (Citations omitted.) It is equally fundamental that the right to notice and an opportunity to be heard "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo* (1965), 380 U.S. 545, 552.' *Fuentes v. Shevin* (1972), 407 U.S. 67, 80. See, also, *Mathews v. Eldridge* (1976), 424 U.S. 319, 333. 'As a general rule, due process requires that the government give notice and an opportunity to be heard *before* taking an individual's liberty or property.' (Emphasis *sic*.) *United States v. 141st Street Corp.* (C.A.2, 1990), 911 F.2d 870, 874. Likewise,

6

'(p)rocedural due process requires that all parties be given reasonable notice of the pendency of an action and an opportunity for a hearing where their objections can be presented.' *Faries v. Director, Office of Workers' Comp. Prog.* (C.A.6, 1990), 909 F.2d 170, 173. 'Due process of law involves only the essential rights of notice, hearing or opportunity to be heard before a competent tribunal. (* * *)' *State v. Luff* (1927), 117 Ohio St. 102, * * *, at paragraph four of the syllabus. See, also, *State v. Edwards* (1952), 157 Ohio St. 175, 178, * * *, at paragraph one of the syllabus." (Parallel citations omitted.)

{¶28} In this case, the zoning board only emailed notice of the July 10, 2013 meeting at which Charles' variance request was to be heard *two* days before the meeting to Douglas' attorney. This does not comply with the zoning board's own regulations. Aurora Codified Ordinance 1139.03(c) provides, in pertinent part:

{¶29} "When a notice of * * * variance has been filed in proper form with the Clerk of the Board of Zoning Appeals, the Clerk shall immediately place the request for * * * variance upon the calendar for hearing, and shall cause notices, to be issued as provided in Section 1139.06, Uniform Notice of Hearing."

{¶30} Aurora Codified Ordinance 1139.06 requires that notices for variance hearings be published in the newspaper and sent by mail *ten* days prior to hearing. Aurora Codified Ordinance 1139.06(b)(1)-(2). It mandates notice by sign at the subject property *seven* days prior to hearing. Aurora Codified Ordinance 1139.06(b)(3). It makes *no* mention of email notification.

{¶31} The zoning board knew, from the time of its prior May meeting, that Douglas lived in Wisconsin. The two days notice provided to Douglas' attorney in this case did not merely contravene the zoning board's own rules: it was clearly insufficient

7

for Douglas and his attorney to prepare. I further note the record shows that Charles and his attorney both received proper written notice of the July 10, 2013 meeting. Neither Douglas and his attorney, nor James and his attorney, did.

{¶32} In *Shikner v. S & P Solutions*, 11th Dist. Lake No. 2004-L-108, 2006-Ohio-127, the trial court granted S & P's oral motion for default judgment at hearing, without Shikner's counsel having been provided the seven day written notice mandated by Civ.R. 55(A). *Id.* at ¶19, 22-23. This court reversed and remanded, holding that Shikner's "ability to show cause under Civ.R. 55(A) [for failing to file a responsive pleading] was emasculated." *Id.* at ¶23.

{¶33} In this case, Douglas lost his right to oppose the variance sought by Charles due to a complete lack of meaningful notice. Further, Charles, the one co-owner of the property, and sole proponent of the variance, did receive such notice. This was a deprivation of Douglas' due process rights. *Mateo*, *supra*, at 52.

{¶34} I respectfully dissent.