[Cite as *Carbone v. Nueva Constr. Group, L.L.C.*, 2017-Ohio-382.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### Nos. 103942 and 104147

---

# ROSS P. CARBONE

### PLAINTIFF-APPELLANT
### CROSS-APPELLEE

vs.

# NUEVA CONSTRUCTION GROUP, L.L.C., ET AL.

### DEFENDANTS-APPELLEES
### CROSS-APPELLANTS

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-805622

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 2, 2017

**ATTORNEY FOR APPELLANT,**
**CROSS-APPELLEE**

John R. Christie
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
1375 East Ninth Street, Suite 1600
Cleveland, Ohio   44114


**ATTORNEY FOR APPELLEES,**
**CROSS-APPELLANTS**

David G. Phillips
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103

SEAN C. GALLAGHER, J.:

{¶1} There are two distinct issues presented in this appeal. Scaparotti Construction Group ("SCG") claims the trial court erred in granting judgment in favor of Nueva Construction Group, L.L.C., Bertha Villanueva, B-Resource Management, L.L.C., and Paul Gosden (collectively "Nueva"). SCG claims that it substantiated every element of each of its claims through unanswered requests for admissions and by a single witness presented at a bench trial. Nueva, in turn, claims that the trial court erred in denying a request to deem the complaint frivolous. Finding no merit to either argument, we affirm.

{¶2} None of the defendants appeared for trial after having two written motions for continuance denied. SCG presented one witness, and Nueva's trial counsel cross-examined him. At trial, the trial court acknowledged that Nueva had not answered discovery, which included several requests for admissions that supplemented the trial record. The parties also agreed to submit closing arguments through post-trial briefing. Nueva filed a post-trial brief that contained 20 documentary exhibits that were not introduced during trial and were not otherwise authenticated. SCG objected to the unauthenticated documents and also claimed to have never received those documents through the discovery process.

{¶3} In this appeal, Nueva's recitation of the facts entirely relies on the unauthenticated evidence attached to a post-trial brief and a motion for sanctions filed after the trial court entered a verdict in their favor. The documents attached to the motion for sanctions, however, were supposedly the same as those attached to the

post-trial brief, which were not included in the appellate record. SCG timely objected to the belated attempt to introduce unauthenticated evidence through the post-trial brief, but the trial court denied the motion. The failure to include the post-trial brief exhibits in the appellate record is irrelevant because even if those records were included, none were authenticated for the purposes of trial as required prior to admission under Evid.R. 901. "It is a long-standing principle of the common law that most types of demonstrative or physical evidence must be authenticated or identified before such evidence may be deemed to be admissible at trial." *Id.* Staff Notes. We are precluded from considering Nueva's version of the facts, which entirely relies on evidence that should have been excluded from consideration at trial for the lack of authentication and for the failure to timely admit the evidence into the trial record through witness testimony or stipulations.

{¶4} Our rendition of the facts is based on admissions to the allegations in the complaint, trial testimony (the transcript was requested by SCG in its praecipe and thereafter filed on March 18, 2016), and the unanswered requests for admissions deemed admitted for trial (at trial, and after SCG called its sole witness, the trial court indicated that SCG need not introduce testimony duplicating the admissions from the unanswered requests for admissions; the admissions themselves were deemed admitted for the purposes of trial under Civ.R. 36(B). Tr. 40:10-24). SCG hired Nueva as a subcontractor for a project in Xenia, Ohio, because Nueva had obtained EDGE certification that SCG wanted credit for with the Ohio School Facilities Commission. Nueva and SCG entered into a "Professional Services Certification of Intent," dubbed the

"Xenia Subcontract" by the parties, so that Nueva would provide approximately $200,000 in services for SCG on the project.[1]

{¶5} Nueva admitted, in its answer, that it not only entered the Xenia Subcontract with SCG, under which Nueva had obligations to perform, but also that SCG had conferred a benefit on Nueva by making an unspecified amount of payments that Nueva acknowledged it received. Nueva denied, however, that it had received any payments for services that were not performed and denied that Nueva had received $85,000 in connection with the Xenia, Ohio project under the terms of the Xenia Subcontract. If a written agreement memorializing the terms of the Xenia Subcontract exists, it was not introduced into evidence.

{¶6} SCG and Nueva also entered a second contract ("Johnson Hotel Agreement") pertaining to the proposed development of a hotel somewhere in the country. Nueva was basically an investor, and SCG provided services in connection with the acquisition and development. According to the terms of the Johnson Hotel Agreement, SCG was responsible for all its expenses related to the project, but would periodically bill Nueva for consulting services. SCG and Nueva amended the Johnson Hotel Agreement in September 2010 to specifically define the project as the "Johnson Court Building in

---

[1]Nueva failed to answer paragraphs 13 and 24 of the complaint. Those paragraphs are deemed admitted. Civ.R. 8(D) provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." Nueva was required to file a responsive pleading, and thus any allegations not denied or not answered for the lack of knowledge or information are deemed admitted.

Cleveland, Ohio." In March 2011, that agreement was again amended to update the budget and compensation for the hotel project.

{¶7} According to the unanswered fourth request for admissions, SCG paid Nueva $85,000 — the request asked for Nueva to admit "that [Nueva] was paid approximately $85,000." Nueva also admitted, through the fifth unanswered request for admissions, that it "did not perform services relative to the *agreements* and to earn *the monies* paid" by SCG. (Emphasis added.) It is unclear which agreements or services were being referenced in the requests for admissions, and no trial evidence specifically connected the admissions to the Xenia Subcontract.

{¶8} At trial and with respect to the Johnson Hotel Agreement, SCG's representative testified that the company had spent exactly $400,000 on "pre-development costs," exactly $9,500 on "survey costs," approximately $70,000 representing 10 percent of the $700,000 "historic tax credit assistance" cost, exactly $50,000 on the "appraisal/market study," and approximately $300,000 representing 15 percent of the $2 million "architect/engineering fee," all as demonstrated by a development-budget spreadsheet attached to the market study performed in March 2011. In addition to those expenses, deemed fees by the witness, SCG was entitled to an additional 5 percent under the terms of the Johnson Hotel Agreement. SCG claimed the above sums as damages.

{¶9} In the unanswered requests for admissions, Nueva admitted that it had received invoices from SCG and that those invoices remained unpaid. The trial testimony did not link the discussed expenses with those invoices. Regrettably, Ross

Carbone, SCG's employee handling the Nueva agreements, passed away before trial, complicating the introduction of evidence by SCG. All told, had the project moved forward, SCG anticipated a $2.5 million profit, which was a percentage of the entire development cost.

{¶10} The trial court, acting as the trier of fact, entered a verdict in favor of Nueva upon all claims. Following that verdict, Nueva filed a motion for sanctions, claiming that SCG's complaint was frivolous, largely based on documents submitted and authenticated for the first time for trial purposes in the motion for sanctions. Although some of the documents referenced in Nueva's post-trial brief were properly attached to Nueva's unsuccessful motion for summary judgment, the trial court deemed those documents to create genuine issues of material fact, and those documents were not introduced at trial. This appeal and cross-appeal timely followed.

{¶11} SCG challenges the weight of the evidence presented at trial. The weight of the evidence concerns "'the inclination of the *greater amount of credible evidence*, offered at trial, to support one side of the issue rather than the other [and] indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict.'" (Emphasis sic.) *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. When conducting a manifest weight review, the reviewing court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact clearly lost

its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. *Eastley* at ¶ 20, citing *Tewarson v. Simon*, 141 Ohio App.3d 103, 115, 750 N.E.2d 176 (9th Dist.2001).

{¶12} "[A] court of appeals should affirm a trial court when the evidence is legally sufficient to support the jury verdict as a matter of law." *Bryan-Wollman v. Domonko*, 115 Ohio St.3d 291, 2007-Ohio-4918, 874 N.E.2d 1198, ¶ 3, citing *Thompkins* at 386. Further, even if the evidence is sufficient as a matter of law, courts should affirm a jury's verdict, as not being against the manifest weight of the evidence, if the verdict is supported by some competent, credible evidence. *Id.* As the Ohio Supreme Court has explained, under the civil manifest weight of the evidence standard, courts must "presume that the findings of the trier of fact are correct" in light of the fact that "the [trier of fact] had an opportunity 'to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.'" *Corrigan v. Illum. Co.*, 122 Ohio St.3d 265, 2009-Ohio-2524, 910 N.E.2d 1009, ¶ 24, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984), and *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264.

{¶13} There are no findings of fact to review. The trial court ordered the parties to present proposed findings of fact and conclusions of law according to Loc.R. 19(B)(1) for the Cuyahoga County Court of Common Pleas, but neither party complied. After the deadline, the trial court denied SCG's motion filed under Civ.R. 52, and that decision has

not been challenged on appeal. As a result, we must presume the findings of the trial court, sitting as the trier of fact, are correct. *Udrija v. E. Cleveland*, 8th Dist. Cuyahoga No. 102406, 2016-Ohio-288, ¶ 18 (in the absence of a record upon which it can be concluded otherwise, the trial court is entitled to a presumption of regularity).

{¶14} In order to substantiate a breach of contract claim, a party must establish four elements: (1) a binding contract or agreement was formed; "[(2)] the nonbreaching party performed its contractual obligations; [(3)] the other party failed to fulfill its contractual obligations without legal excuse; and [(4)] the nonbreaching party suffered damages as a result of the breach." *Textron Fin. Corp. v. Nationwide Mut. Ins. Co.*, 115 Ohio App.3d 137, 144, 684 N.E.2d 1261 (9th Dist.1996), citing *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 108, 661 N.E.2d 218 (8th Dist.1995).

{¶15} The sole witness could have simply been deemed incredible by the trier of fact and the testimony discredited based on his use of a budgetary prediction instead of documentary evidence demonstrating that services were rendered and damages incurred. Further, the witness never associated the costs that were demonstrated at trial with the unpaid invoices for the purpose of a breach of contract action. In light of the arguments presented, we cannot conclude that the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered.

{¶16} Further, the unanswered admissions do not establish claims for breach of contract pertaining to the Xenia Subcontract per se. The pertinent requests for

admissions provided (1) "Admit that [Nueva] was paid approximately $85,000," and (2) "Admit that [Nueva] did not perform services relative to the agreements and to earn the monies paid to it by [SCG]." Nueva thus admitted that SCG paid $85,000 to Nueva, for an unspecified reason, but it did not perform services relative to the unspecified agreements to earn any money. In the post-trial briefing, SCG claimed the $85,000 pertained to a project SCG undertook in Xenia, Ohio, under the Xenia Subcontract, but evidence of such was not presented in the record. Attached to the complaint was the single page reflecting the Xenia Subcontract that demonstrated an intent for SCG to hire Nueva as a subcontractor for an amount of services totaling $200,000. In answering the complaint, Nueva denied that it was paid $85,000 for the Xenia, Ohio project, but admitted that it was paid an unspecified amount in furtherance of the project. Thus, SCG was obligated to prove at trial that Nueva was paid $85,000 in furtherance of the Xenia Subcontract and that Nueva did not perform services as obligated under that particular contract. Even if we consider the request for admission as a measure of damages, there was no evidence substantiating any other element of a breach of contract claim with regard to the Xenia Subcontract.

{¶17} The unanswered requests for admissions did not specify (1) which of the agreements was breached — the breach occurring by Nueva not performing services relative to the agreements; or (2) what the terms of the agreement were as it applied to the $85,000 SCG paid to Nueva. In consideration that the answer denied that $85,000 was exchanged under the Xenia Subcontract and that the $85,000 was not linked to the Xenia

Subcontract, the requests for admission did not prove each and every element of a breach of the Xenia Subcontract — that the nonbreaching party performed its contractual obligations and the other party failed to fulfill its contractual obligations without legal excuse — it only demonstrated a damage to be recovered if a breach was proven.

{¶18} In the alternative to a contractual relationship with regard to the Xenia Subcontract, SCG attempted to demonstrate unjust enrichment solely based on the unanswered requests for admission. "[U]njust enrichment operates in the absence of an express contract or a contract implied in fact to prevent a party from retaining money or benefits that in justice and equity belong to another." *Gallo v. Westfield Natl. Ins. Co.*, 8th Dist. Cuyahoga No. 91893, 2009-Ohio-1094, ¶ 19. An unjust enrichment claim cannot stand in this case because Nueva admitted in the answer that it contracted, and thus entered an enforceable agreement, with SCG for services pertaining to the Xenia, Ohio project. An unjust enrichment claim cannot stand when the parties have an otherwise enforceable agreement. In such situations, the appropriate claim is for a breach of contract.

{¶19} The admissions themselves did not establish each and every element of the breach of contract claim, and in light of Nueva's admissions, the unjust enrichment claims were subsumed by the enforceable contracts that existed. The judgment in favor of Nueva is affirmed.

{¶20} Finally, in Nueva's cross-appeal, Nueva contends that the trial court erred in denying its motion for sanctions because the complaint was frivolous based on documents

submitted and authenticated for the first time for trial purposes after the verdict was entered. The complaint was filed in April 2013. A year later, the parties filed cross-motions for summary judgment. Both motions were denied, under the necessary presumption that the documentary evidence created genuine issues of material fact with regard to the claims advanced in the complaint. The matter was set for trial in June 2015. At Nueva's request, the trial was continued until October 2015. In the run-up to the October trial date, Nueva filed two separate motions to continue the trial date. Both were denied. On the day of trial, Nueva orally moved to continue the trial. The oral motion was also denied. None of the defendants appeared for trial, and Nueva failed to introduce any evidence in its defense. In the post-trial brief, Nueva attached several unauthenticated documents, and it is upon those documents that it seeks to demonstrate the frivolity of the complaint.

**{¶21}** R.C. 2323.51 defines "frivolous conduct" as conduct that (1) serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation; (2) conduct that is not warranted under existing law, or cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law; or (3) conduct that consists of allegations that have no evidentiary support. *State ex rel. Davis v. Metzger*, 145 Ohio St.3d 405, 2016-Ohio-1026, 49 N.E.3d 1293, ¶ 9, citing R.C. 2323.51(A)(2)(a)(i), (ii), and (iii). A trial court's decision on whether to

award sanctions under R.C. 2323.51 is reviewed only for an abuse of discretion. *Id.*, citing *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11, and *Ron Scheiderer & Assocs. v. London*, 81 Ohio St.3d 94, 98, 1998-Ohio-453, 689 N.E.2d 552.

{¶22} Although not dispositive, generally when the trial court concludes that genuine issues of material fact preclude summary judgment, appellate courts will be hard-pressed to overturn the trial court's denial of sanctions, especially based on allegations focused on the filing of a frivolous complaint. *See, e.g., Cawrse v. Melvin Banchek Co., L.P.A. (In re Apelt)*, 8th Dist. Cuyahoga No. 102765, 2015-Ohio-5149, ¶ 40 (noting that denying a motion for summary judgment necessarily concludes that issues of fact must be resolved by the trier of fact and therefore the complaint is not frivolous); *King v. Pattison*, 5th Dist. Muskingum No. CT2016-0007, 2016-Ohio-4785, ¶ 17 (the fact that the trial court twice found genuine issues of material fact demonstrated the decision to deny sanctions was not an abuse of discretion); *Wrinch v. Miller*, 183 Ohio App.3d 445, 2009-Ohio-3862, 917 N.E.2d 349, ¶ 55 (9th Dist.) ("the fact that summary judgment was denied demonstrates that [the party] provided at least some factual basis to support the claims"); *Baker v. Beachwood Villas Condominium Owners Assoc.*, 6th Dist. Erie No. E-03-011, 2004-Ohio-682, ¶ 23 (denial of direct verdict at least demonstrates that the lawsuit was "not legally unwarranted"). In this case, what evidence was submitted through Nueva's motion for summary judgment was found to create genuine issues of material fact, and that decision has not been appealed by Nueva.

**{¶23}** Further,

> [a] motion for sanctions brought under R.C. 2323.51 requires a three-step analysis by the trial court: (1) whether the party engaged in frivolous conduct, (2) if the conduct was frivolous, whether any party was adversely affected by it, and (3) if an award is to be made, the amount of the award.

*Ferron v. Video Professor, Inc.*, 5th Dist. Delaware No. 08-CAE-09-0055, 2009-Ohio-3133, ¶ 44. Although some of the documents attached to the motion for sanctions were attached to Nueva's motion for summary judgment, the bulk of documents upon which Nueva relies to demonstrate the frivolity of the complaint were not introduced into the record and authenticated until after trial. Further, SCG claimed none of the documents submitted after trial had been turned over in discovery. Nueva failed to appear for that trial after the trial court denied three motions to continue it and after Nueva had already successfully postponed the original trial date.

**{¶24}** It is nonsensical for Nueva to claim the trial court erred in denying Nueva's motion for sanctions, focusing on the frivolity of the allegations in the complaint, when Nueva failed to present the alleged "smoking guns" until December 2015 — two and a half years after the complaint had been filed, after trial had concluded, and largely based on documents never propounded in discovery. According to Nueva, SCG was aware of the documents that mostly consisted of correspondence between Nueva and SCG and, by implication, so should have Nueva. In light of the facts that some of the evidence allegedly proved the frivolous conduct merely created genuine issues of material fact, the remaining evidence had never been timely introduced for consideration at trial, and neither party challenged the summary judgment proceedings on appeal, we cannot

conclude that the trial court abused its discretion in denying Nueva's motion for sanctions.

**{¶25}** We affirm.

It is ordered that appellant and appellees share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR