[Cite as *Paolucci v. Morgan*, 2018-Ohio-793.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


DENISE PAOLUCCI,                          :          **O P I N I O N**

        Plaintiff-Appellant,          :
                                                                    **CASE NO. 2017-P-0020**
- vs -                                              :

TIMOTHY MORGAN, et al.,          :

        Defendants-Appellees.          :


Civil Appeal from the Portage County Court of Common Pleas, Case No. 2014 CV 00189.

Judgment:  Affirmed.


*Oliver T. Koo*, 250 South Chestnut Street, Suite 23, Ravenna, OH  44266 (For Plaintiff-Appellant).

*John A. Neville* and *Holly Marie Wilson*, Reminger Co., L.P.A., 1400 Midland Building, 101 Prospect Avenue, West Cleveland, OH  44115 (For Defendant-Appellees).


THOMAS R. WRIGHT, J.


{¶1}    Appellant, Denise Paolucci, appeals the trial court's ruling granting summary judgment in favor of appellees, Timothy and Maren Morgan, as to all three claims in her complaint asserting that there are genuine issues of fact.  We affirm.

{¶2}    Appellees ("the Morgans") own a large horse farm in Streetsboro, Portage County, Ohio.  The farm includes a pasture, the Morgans' home, and a seven-stall horse barn.  Although the Morgans keep at least one of their horses in the barn, they

rent the majority of the stalls to others and provide boarding services. Tim Morgan regularly feeds the horses, provides their bedding, and "turns them out to pasture." The "renters" are allowed to visit their horses at any time.

{¶3} As of early 2010, appellant owned three horses, two mares, and one gelding. One of her mares was pregnant. Wanting to keep her horses in a more convenient location, appellant orally contracted with the Morgans to board her horses. At the outset, she told Timothy Morgan that she did not want her gelding to be placed in the pasture with any stallions for fear that the gelding would be injured. She also told him that she expected him to notify her and a veterinarian when her mare began to give birth. Timothy informed her that he would not assist in delivery of foal. She assured him that she would handle the delivery.

{¶4} Appellant's claims against the Morgans are based upon three events. First, on March 31, 2010, appellant visited her horses and noticed that her gelding sustained a puncture and stifle injury. Appellate averred that this injury could not have occurred without severe trauma. According to her, another woman who boarded a horse saw the Morgans release appellant's gelding into the pasture with a stallion, and that the stallion "threw" the gelding into the fence, knocking down several boards. However, appellant did not produce this woman as a witness. Appellant, did not say that she witnessed the event, but nevertheless averred that she found broken boards in the fence.

{¶5} Timothy Morgan, in an affidavit, did not deny putting a stallion in the pasture with appellant's gelding, but averred that he did not see the stallion hit or injure the gelding.

{¶6} The second event occurred approximately ten days later. According to

2

appellant, she went to the barn at 11:00 p.m. one evening to see her pregnant mare. She thought the mare was close to giving birth and, therefore, stayed with her for three hours. Appellant averred that she told Timothy to watch the pregnant mare closely and to call the veterinarian if anything changed. She does not, however, give a definite statement as to when she did so.

{¶7} Appellant left the barn at 2:00 a.m. The following morning, in accordance with his regular schedule, Timothy went to the barn at 6:00 a.m. to feed the horses. Upon arrival, he saw that the mare had given birth to the foal, but that the foal was dead. He immediately called appellant. She came to the barn and tried to revive the foal, without success. Appellant claimed that Timothy would not answer her questions as to how the foal had died. She also claimed, without evidence, that Timothy tried to deliver the foal himself when he should have called the veterinarian.

{¶8} The third event concerns the disposal of the foal's remains. According to Timothy, he buried the foal as a favor to appellant and did so after obtaining permission. Appellant denied that she consented to burying the foal on the Morgans' property.

{¶9} After dismissing her first action against the Morgans, appellant filed the current case. As to the injury to the gelding and the death of the foal, she asserted breach of contract and negligence claims. She also sought damages for the wrongful disposal of the dead foal.

{¶10} After conducting discovery, the Morgans moved for partial summary judgment as to both the breach of contract and negligence claims. They argued that appellant could not prevail on either claim because she lacked evidence showing that the injury to the gelding and the death of the foal were attributable to any action or inaction on their part. In response, she asserted that construing the facts in a manner

3

most favorable to her, a reasonable person could find the Morgans negligent under the doctrine of res ipsa loquitur.

{¶11} In November 2015, the trial court granted the Morgans' motion for partial summary judgment on the breach of contract and negligence claims.

{¶12} Appellant appealed. We dismissed that appeal for lack of a final appealable order because the judgment did not decide the wrongful disposal claim or contain Civ.R. 54(B) language. *Paolucci v. Morgan*, 11th Dist. Portage No. 2015-P-0086, 2016-Ohio-3009.

{¶13} Upon remand, the Morgans filed a separate motion for summary judgment on the wrongful disposal claim, arguing that appellant could not recover for emotional distress because the foal is considered personal property. Second, they maintained that the foal lacked economic value.

{¶14} In response, appellant contended that regardless of the value of the foal, she was entitled to recover the cost to exhume and transport the remains to a proper resting place.

{¶15} In February 2017, the trial court granted summary judgment in favor of the Morgans on the remaining wrongful disposal claim.

{¶16} Appellant appeals asserting two assignments for review:

{¶17} "[1.] The trial court committed error in granting summary judgment while there are still genuine issues of material fact and the disputed facts were not taken in the light most favorable for the non-movant (Appellant).

{¶18} "[2.] The trial court erred in failing to recognize that replevin is an available remedy for Appellant before granting Summary Judgment on the wrongful disposal claim."

4

{¶19} Under her first assignment, appellant asserts three arguments contesting the trial court's first summary judgment ruling on the breach of contract and negligence claims. She maintains that the trial court failed to comply with Civ.R. 56(D):

{¶20} "If on motion under this rule summary judgment is not rendered upon the whole case *or for all the relief asked* and a trial is necessary, the court in deciding the motion, shall examine the evidence or stipulation properly before it, and shall if practicable, ascertain what material facts exist without controversy and what material facts are actually and in good faith controverted. The court shall thereupon make an order on its journal specifying the facts that are without controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just." (Emphasis added.)

{¶21} Compliance with Civ.R. 56(D) is only necessary when summary judgment has not been rendered upon all the relief asked. *Holeski v. Lawrence*, 85 Ohio App.3d 824, 834, 621 N.E.2d 802 (11th Dist.1993). The Morgans' partial summary judgment motion pertained only to appellant's breach of contract and negligence claims. Moreover, in ruling upon that motion, the trial court disposed of those claims entering judgment in favor of the Morgans. The trial court, at that time, rendered summary judgment for "all the relief asked," and, therefore, did not err.

{¶22} Under her second argument, appellant submits that both of the trial court's decisions are flawed because material issues of fact remain. As to the breach of contract and negligence claims, she states that there are genuine issues regarding the boarding contract terms and the extent of the Morgans' duty. In relation to the wrongful disposal claim, she asserts an issue of fact as to whether she gave consent for Timothy to dispose of the remains.

5

**{¶23}** Concerning the breach of contract and negligence claims, the trial court concluded that there is no evidence that the Morgans caused harm to the gelding or the foal. In order to prevail on either a breach of contract or negligence claim, the plaintiff must prove, inter alia, the lack of compliance with an obligation or duty, leading to damages. *Carbone v. Nueva Constr. Group, L.L.C.*, 83 N.E.3d 375, 8th Dist. Cuyahoga Nos. 103942 & 104147, 2017-Ohio-382, ¶14; *Konet v. Roberts*, 11th Dist. Portage No 2015-P-0030, 2016-Ohio-1306, ¶25. Appellant did not present any evidence as to duty or breach. Consideration of the other issues was therefore unnecessary.

**{¶24}** As to the injury to the gelding, the dissent concludes that the Morgans have the burden of disproving negligence due to a "bailor-bailee" relationship. However, appellant did not raise this argument before the trial court and it has therefore, been waived. *Fifth Third Bank v. Richards*, 11th Dist. Portage No. 2014-P-0040, 2015-Ohio-638, *3 (Grendell, J., writing for the majority); *Marks v. Aurora Bd. of Zoning Appeals*, 11th Dist. Portage No. 2015-P-0048, 2016-Ohio-5182, ¶13-14 (Grendell, J., writing the lead opinion). "It is well settled that where a party proceeds in trial on a certain legal theory, he may not abandon that theory on appeal and proceed on a different theory in the appellate court." *State v. Urso*, 195 Ohio App.3d 665, 2011-Ohio-4702, 961 N.E.2d 689, ¶77 (11th Dist.), citing *Dolan v. Dolan*, 11th Dist. Trumbull Nos. 2000-T-0154 and 2001-T-0003, 2002-Ohio-2440, ¶7 (Grendell, J., writing for the majority).

**{¶25}** Furthermore, appellant has not argued or briefed this issue on appeal and, therefore, it is precluded as a basis for disposition. *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 202, 494 N.E.2d 1101 (1986) ("'[i]n fairness to the parties, a Court of Appeals which contemplates

a decision upon an issue not briefed should * * * give the parties notice of its intention and an opportunity to brief the issue.'").

{¶26} Similarly, as to the wrongful disposal claim, the trial court's decision was based solely upon the conclusion that appellant could not recover any economic or emotional damages. At the trial level, appellant did not contest the Morgans' argument regarding economic or emotional damages, but maintained that she was still entitled to recover the costs for exhuming the foal's remains. As will be discussed under the second assignment, appellant did not comply with statutory requirements for seeking damages under replevin. Thus, the trial court is affirmed for alternative reasons.

{¶27} Under the final argument of her first assignment, appellant asserts the trial court failed to apply res ipsa loquitur.

{¶28} "The doctrine of *res ipsa loquitur* is not a substantive rule of law, but rather is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant when the logical premises for the inference are demonstrated. The application of *res ipsa loquitur* does not alter the nature of the plaintiff's claim in a negligence action, but instead simply permits the plaintiff to prove his or her case through circumstantial evidence, as opposed to direct evidence.

{¶29} "*Res ipsa loquitur* permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the infliction of injury on the plaintiff. In order to warrant its application, the plaintiff must establish the following: (1) the instrumentality causing the injury was under the exclusive management and control of the defendant at the time of the actual injury or at the time of the creation of the condition which resulted in the injury; and (2) the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if

7

ordinary care had been observed.

{¶30} "The doctrine of *res ipsa loquitur* is premised upon the absence of direct evidence of acts or omissions constituting negligence. It raises the circumstantial inference of negligence only in those rare instances where the instrumentality was accessible only to the defendant and where the nature of the accident was such that it ordinarily would not have happened in the absence of negligent conduct." (Citations omitted.) *Fleegle v. Funtime, Inc.*, 11th Dist. Geauga No. 98-G-2158, 1999 WL 960575, *2-3 (Sept. 30, 1999).

{¶31} Injury to a gelding and death of a foal are things that can happen in any number of ways, with or without negligence. Appellant did not establish that the gelding's injury or the foal's death occurred under such circumstances that in the ordinary course of events would not have occurred but for negligence. Accordingly, the trial court did not err. Appellant's first assignment is without merit.

{¶32} Appellant's second assignment addresses the trial court's decision as to her wrongful disposal claim. As noted above, the court granted summary judgment due to the failure to show damages. Appellant does not contest the trial court's analysis as to the economic or emotional harm, but still maintains that she would be entitled to damages covering the costs of exhuming the foal's remains and taking them elsewhere for burial.

{¶33} Although appellant raised the replevin issue in her response to the second motion for summary judgment, the trial court did not address the point in its second decision. Nevertheless, for the following reasons, appellant was not prejudiced because she failed to comply with statutory requirements for obtaining replevin.

{¶34} Replevin is a statutory remedy that must be sought in accordance with

8

specific procedures. *Bond v. Bond*, 11th Dist. Geauga No. 2001-G-2382, 2002-Ohio-3843, ¶17. A request for the return of personal property must be made by motion with an accompanying affidavit. R.C. 2737.03. Appellant never filed such a motion in this case. Her various submissions, including her complaint, made no reference to recovery under a theory of replevin until her response to the Morgans' second motion for summary judgment. Since appellant did not comply with R.C. 2737.03, the trial court did not err in granting summary judgment on her wrongful disposal claim. Her second assignment also lacks merit.

{¶35} The judgments of the Portage County Court of Common Pleas are affirmed.


CYNTHIA WESTCOTT RICE, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.


_____


DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶36} I respectfully dissent and would reverse the trial court's decision with respect to the injury to Paolucci's gelding. In affirming the grant of summary judgment, the majority asserts that, "[c]oncerning the breach of contract and negligence claims," Paolucci "did not present any evidence as to duty or breach." *Supra* at ¶ 23. The majority fails to recognize the substance of Paolucci's relationship with the Morgans as that of bailor and bailee and thus its analysis of the issues is deficient.

{¶37} Paolucci contracted with the Morgans for the care and boarding of three

horses. While in the care of the Morgans, one of the horses (the gelding) "suffered a puncture and stifle injury." There is no evidence as to how the gelding was injured.

{¶38} "A bailment has been defined as the delivery of goods or personal property by one person to another in trust for a particular purpose, with a contract, express or implied, that the property shall be returned once the purpose has been faithfully executed." (Citation omitted.) *Marculaitis v. Pisegna*, 11th Dist. Ashtabula No. 2010-A-0045, 2011-Ohio-4019, ¶ 31. The delivery of horses to another for a particular purpose creates such a bailment for hire, thereby obligating the bailee "by law to exercise ordinary care in the safekeeping of the bailor's property" and "to return the property undamaged upon the termination of the bailment." *David v. Lose*, 7 Ohio St.2d 97, 98, 218 N.E.2d 442 (1966). Accordingly:

> 1. In order to establish a prima facie case against a bailee in an action sounding in contract, a bailor need prove only (1) the contract of bailment, (2) delivery of the bailed property to the bailee and (3) failure of the bailee to redeliver the bailed property undamaged at the termination of the bailment.
>
> 2. In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a prima facie case of want of due care is thereby established, and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver. (*Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 58 N.E.2d 658, followed.)

*Id.* at paragraphs one and two of the syllabus.

{¶39} In the present case, Paolucci has established a prima facie case of breach of the bailment contract with the Morgans. Where "the bailee cannot show how the damage occurred, he must, in order to escape liability, affirmatively prove that he took reasonable precautions under the circumstances to prevent every possibility of damage from actually occurring." *Id.* at 100. The Morgans have not established the affirmative

10

defense of non-negligence on their part. Rather, they have "left the question of their conduct in a state of conjecture," relying instead on Paolucci's inability to demonstrate the cause of the injury to the gelding. *Id.* at 101; *see* Affidavit of Timothy Morgan, at ¶ 11 ("While Ms. Paolucci boarded her horses at my Property, I never observed a stallion make contact with and/or injure her gelding.").

{¶40} Given the state of the record before the court, it was error for the trial court to grant summary judgment in favor of the Morgans as to Paolucci's claim of injury to the gelding and is erroneous for this court to affirm that decision. The majority claims that the issue of bailment has been waived because it was not raised by Paolucci. But it is a matter of law, not argument, that the Morgans bore the burden of explaining their failure to redeliver the property undamaged. The Morgans moved for summary judgment and it is the duty of the court to ensure that the standards of the Rule are met before judgment is granted.

{¶41} For the foregoing reasons, I respectfully dissent and would reverse the trial court with respect to the claims involving the gelding.